IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GOSWAMI MANPREET,

     Petitioner,

v.                                   No. 26-cv-1236-KWR-DLM

MARY DE ANDA-YBARRA, *et al*,

     Respondents,

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner seeks a release from immigration detention or a review of the legality of his custody. Because his detention appears presumptively reasonable under *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001), the Court will require him to show cause, if any, why the Petition should not be dismissed without prejudice.

### BACKGROUND

Petitioner is a citizen of India. He is currently detained at the Cibola County Correctional Center (CCCC) in Milan, New Mexico. Petitioner entered the United States in 2022 on a student visa, but he ceased his studies four months later. *See* Doc. 1 at 4. Petitioner was arrested for child solicitation on October 30, 2025. *Id.* at 5. He was taken into Immigration and Customs Enforcement (ICE) custody after posting bond in the Indiana criminal case. *Id.* The immigration court entered a removal order on January 13, 2026. *Id.* at 6. Petitioner did not appeal, and the immigration order is now final. *Id; see also Riley v. Bondi*, 606 U.S. 259, 267 (2025) (a removal order is final if the noncitizen does not appeal within 30 days).

Petitioner filed the instant Petition on April 20, 2026. He raises a claim for prolonged

detention under *Zadvydas* and alleges his civil immigration detention is actually criminal in nature. Petitioner asks the Court to release him or order a bond hearing.   *See* Doc. 1 at 12.

**DISCUSSION**

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).   Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief.   *See* Habeas Corpus Rules 1, 4. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition."   Habeas Corpus Rule 4(b).   "If the petition is not dismissed, the Judge must order … an answer."   *Id.*

Where, as here, the petitioner is subject to a final order of removal, detention is governed by 8 U.S.C. § 1231.   The Government is expected to secure a noncitizen's removal within 90 days after issuing the removal order.   *See Zadvydas,* 533 U.S. at 682; 8 U.S.C. § 1231(a)(1).   "During the 90-day removal period, … [the noncitizen] must be held in custody."   *Zadvydas,* 533 U.S. at 683 (citing § 1231).   After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.   *Id.*; *see* 8 U.S.C. § 1231(a)(6).   The Supreme Court determined that a six-month detention period is presumptively reasonable. *Zadvydas,* 533 U.S. at 701.   "After this 6-month period, … the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional.   *Id.*

Petitioner's final removal order was entered less than six months ago on January 13, 2026. His detention is therefore presumptively reasonable under *Zadvydas.*   Noncitizens detained pursuant to § 1231 are also not entitled to a bond hearing.   *See Johnson v. Guzman Chavez*, 594

U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing"). Petitioner argues his immigration detention is actually criminal in nature, as he may be subject to a detainer or extradition to Indiana. Said differently, Petitioner argues that while noncitizens with no criminal history can be detained for up to six months, he is entitled to a release before the six-month period based on his pending proceeding for child solicitation. Petitioner has not cited, and the Court has not uncovered, authority stating that the six-month period is cut short under such circumstances. The Court also notes that the issue could resolve within the six-month period, if the State of Indiana decides not to pursue a prosecution in light of the removal order.

For these reasons, the Court will require Petitioner to file a response showing cause, if any, why the Petition should not be summarily dismissed without prejudice. The show-cause response is due within twenty (21) days of entry of this Order. By the same deadline, Petitioner shall file a motion to proceed *in forma pauperis* or pay the $5.00 filing fee. If Petitioner declines to timely comply with this ruling, or if his response fails to overcome the *Zadvydas* framework, the Court may dismiss the case without prejudice.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Petitioner: (1) shall file a show-cause response, as set forth above; and (2) pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3