# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

GOSWAMI MANPREET,

    Petitioner,

v.                                No. 26-cv-1236-KWR-DLM

MARY DE ANDA-YBARRA, *et al*,

    Respondents,

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Petitioner's failure to prosecute his *pro se* 28 U.S.C. § 2241 Petition (Doc. 1) (Petition).  Petitioner was an immigration detainee when he filed this case.  The Court previously determined relief is not available under *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001) but allowed Petitioner to show cause, if any, why the case should not be dismissed.  Because Petitioner did not respond, the Court will dismiss the Petition.

## BACKGROUND

Petitioner is a citizen of India.  At the time of filing, he was detained at the Cibola County Correctional Center (CCCC) in Milan, New Mexico.  Petitioner entered the United States in 2022 on a student visa, but he ceased his studies four months later.  *See* Doc. 1 at 4.  Petitioner was arrested for child solicitation on October 30, 2025.  *Id.* at 5.  He was taken into Immigration and Customs Enforcement (ICE) custody after posting bond in the Indiana criminal case.  *Id.*  The immigration court entered a removal order on January 13, 2026.  *Id.* at 6.  Petitioner did not appeal, and the immigration order is now final.  *Id; see also Riley v. Bondi*, 606 U.S. 259, 267 (2025) (a removal order is final if the noncitizen does not appeal within 30 days).

Petitioner filed the instant Petition on April 20, 2026.  He raises a claim for prolonged detention under *Zadvydas* and alleges his civil immigration detention is actually criminal in nature. Petitioner asks the Court to release him or order a bond hearing.  *See* Doc. 1 at 12.  By a ruling entered May 6, 2026, the Court determined Petitioner's detention is presumptively reasonable under *Zadvydas* and that there are no other grounds for release.  The Court directed Petitioner to file a response within twenty-one days showing cause, if any, why the Petition should not be dismissed without prejudice.  The deadline to respond expired on May 27, 2026.  Petitioner did not respond, and the ruling was returned as undeliverable.  *See* Doc. 4.  Petitioner has not provided an updated address as required by local rule.  *See* D.N.M. Local Civil Rule 83.6 ("All … parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their … mailing addresses").   The Court will therefore summarize the reasons for dismissal and close the case.

## DISCUSSION

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).  Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief.  *See* Habeas Corpus Rules 1, 4. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition."  Habeas Corpus Rule 4(b).  "If the petition is not dismissed, the Judge must order … an answer."  *Id.*

Where, as here, the petitioner is subject to a final order of removal, detention is governed by 8 U.S.C. § 1231.  The Government is expected to secure a noncitizen's removal within 90 days

after issuing the removal order. *See Zadvydas,* 533 U.S. at 682; 8 U.S.C. § 1231(a)(1). "During the 90-day removal period, … [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a six-month detention period is presumptively reasonable. *Zadvydas,* 533 U.S. at 701. "After this 6-month period, … the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id.*

As explained in the prior ruling, Petitioner's final removal order was entered less than six months ago on January 13, 2026. His detention is therefore presumptively reasonable under *Zadvydas.* Noncitizens detained pursuant to § 1231 are also not entitled to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing"). The prior ruling also rejected Petitioner's argument that he is entitled to a release before the six-month period based on his pending charges for child solicitation. Petitioner has not cited, and the Court has not uncovered, authority stating that while noncitizens with no criminal history can be detained for up to six months, the six-month period is cut short based on a criminal charge.

The prior ruling set out the above facts and case law, and Petitioner failed to file a response demonstrating that relief is available. Petitioner also severed contact with the Court in violation of local rule. The Court will therefore dismiss this case without prejudice and as premature.

**IT IS ORDERED** that this case is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil habeas case.

**SO ORDERED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE